The opinion of the Court was delivered by
Fenner, J.
The plaintiffs are children of the late V. F. Cotton, by *859 his first marriage with Dicey M. Brown, aud are heirs of their said mother. In 1840 their mother sued her husband, V. E. Cotton, for separation of property, and obtained a judgment against him for $17,399.58.
After her death, to-wit: in 1853, V. F. Cotton, as tutor of plaintiffs, then minors, applied to the proper court of liis domicile, representing that he had in his possession above $2,000 belonging to them, which he desired to invest in the property herein claimed, and he asked for a family meeting, to authorize the purchase, etc.
After obtaining the necessary authority on the 10th of. June, 1853, in his capacity of tutor, he purchased for and in behalf of the said minors, the said property at the price of $2,000, payment of which the vendors acknowledged to have received in cash.
The plaintiffs bring the present suit to enforce their title to said property, against their stepmother, widow by second marriage of Y. E. Cotton, who resists substantially on the ground that the property belongs to the community subsisting between her and her late husband, having been purchased by the latter, after her marriage, with funds belonging to said community and not to said minors, and fraudulently purchased in the name of said minors, to cover up and conceal the same from the pursuit of creditors.
We agree with the District Judge, that neither as administratrix of Y. E. Cotton, nor as widow in community, could defendant be heard to set up such a defense.
Her husband, as head and master of the community, had a right to dispose of its movable effects by onerous title, or even by gratuitous and particular title. C. C. 2404. The only right of action which the wife.'has against such dispositions is on proof that they were made in fraud for the purpose of injuring her. No such charge is here made. On the contrary, she alleges that the object was to injure creditors, and “ to secure a home for himself and family.” Whether the $2,000 invested in this property belonged to the minors, or was owed to them by their father, or was given to them by him, their title to it was equally good_ as against the defendant, and the property bought with it for them and in their names is their property.
The .act of defendant in having this property inventoried 'in the succession of Y. E. Cotton, after this suit had been brought, could not divest the jurisdiction of the District Court over the cause.
We find no error.
Judgment affirmed at appellants’ cost.
Rehearing refused.
Levy, J., absent.